Alexander Del Giorno, J.
This is a motion for an order directing that each of the above-named claimants he added as a party to the claim of the other, as an indispensable or condi *328 tionally necessary party pursuant to section 193 of the Civil Practice Act and subdivision 2 of rule 102 of the Buies of Civil Practice.
By order dated December 11, 1957 this court denied a prior motion by the New York State Thruway Authority to consolidate the two above-entitled contract claims, but did direct that they be tried together. In affirming unanimously this order of the Court of Claims (7 A D 2d 771, 772) the Appellate Division, Third Department, held that: “Whether Nyack’s interest extended only to half of the territory involved in this contract and the Authority’s promise of exclusive privileges was a separate one as to Nyack’s due performance in that section constitute substantial issues, which should not be decided on this procedural motion and require a more extensive examination than a motion for consolidation affords.”
The Appellate Court held further: “ If appellant’s position is correct, i.e., that the rights of claimants are joint, it should have moved to add one of the claimants to the other’s action as an indispensable party thereto.”
In support of its present motion the defendant has submitted several exhibits in addition to those submitted to the court upon the prior motion for consolidation. The defendant contends that these exhibits show that the contract is joint in form and that it was intended by the parties to be joint. The affidavits submitted on the motion state that by its terms the contract was joint, that the two claimants were considered as one party and that in its dealings with them the defendant treated them as one party.
The claimant Nyack Nash Corporation, on the other hand, by the affidavit of its president, Andrew G-ambetti, contends that each of the claimant garages had its own territory and operated independently of the other, his garage rendering emergency service west of the Tappan Zee Bridge and east of Spring Valley. Mr. Gambetti states further that his firm collected fees from motorists and retained them; that he made separate payments to the Thruway Authority; that there was no commingling of funds, personnel or equipment by the two claimants and that the Thruway Authority recognized this situation and dealt with each firm separately and individually. Thus there is presented to the court an issue of fact which it is difficult if not impossible for the court to determine solely upon affidavits.
In addition, the question as to whether the interest of the claimants is joint or several is inextricably interwoven with the merits of the controversy. The affidavit of Stanley V. Scott, sworn to the 7th day of February, 1959, in support of defendant’s. *329 motion, concedes this to be so. In the Twelfth Annual Report of the Judicial Council (1946, pp. 190-191) it is stated: ‘‘Ordinarily a motion to compel an amendment of a pleading should be decided as early as possible so that the right parties are before the court when the trial begins. However, it may happen that the motion raises issues which are inextricably interwoven with the merits of the controversy. In such case, the hearing and the determination of the motion prior to the trial would be undesirable. It may also be difficult for the court to determine the motion without hearing evidence on issues of fact which could not properly be established by submission of affidavits.”
For these and other suggested reasons, the council recommended that it would be desirable to vest the court with an express discretionary power to deviate in a proper case from the normal practice and postpone the hearing and determination of the motion until the trial. The last sentence of rule 102, giving the court such discretion, is the result of that recommendation.
Since the court already has ordered that the claims be tried together, the court considers that at the time of trial, all of the issues involved may be disposed of completely, all parties being afforded full opportunity to present their own witnesses and to cross-examine others.
Accordingly, the motion is denied without prejudice to renewal upon the trial.
Settle order on five days’ notice.